UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE BROWN, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:05CV88 HEA ) |
| DEREK WHEATLEY, et al., | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion for Summary Judgment, [Doc. # 43]. The parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion for Summary Judgment is denied, without prejudice.

### Introduction

Plaintiff filed this action against defendants under the provisions of 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his serious medical needs while he was incarcerated at the Scott County Jail. Defendants move for summary judgment arguing that there are no genuine issues of material fact regarding plaintiff's medical condition.

### Facts and Background

Plaintiff was incarcerated at the Scott County Jail from March 10, 2005 until June 22, 2005. Defendant Bonner is the Jail Administrator for the Scott County Jail and defendants Wheatley and Wilson are former employees. Plaintiff's complaint alleges that he suffered from lower back pain, stomach problems and blood in his spit. He also alleges that he advised the defendants of these illnesses and that they had been diagnosed by his physicians, who prescribed medications for several years. According to the Complaint, plaintiff's latest prescriptions were for Salsalate, Tylenol and H-Pylori treatments. Plaintiff further alleges that his requests for medical attention were ignored and that he filed a Writ of Mandamus asking the Scott County Court to compel defendants to provide medical attention. Furthermore, plaintiff contends that he was prescribed a medication, ranitidine, which caused him to become sicker than before taking it. He also contends that the jail ran out of Tylenol and provided him with ibuprofen, which the doctor specifically stated for him not to be taking because of his stomach condition.

## Summary Judgment Standard

The standards for summary judgment are well settled and have been set forth in the Court's previous Orders. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l*

*Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## Discussion

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991)." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). To prevail on a deliberate indifference claim against defendant, plaintiff must show he suffered from a serious medical need and defendants knew of, yet disregarded, the need. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir.1999). To establish such a claim, a prisoner must "demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "A medical need is serious if it is 'obvious to the layperson or supported by medical evidence, like a physician's diagnosis.'" *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (quoting *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995)). A prison official is culpable for deliberate indifference to that

serious medical need if the official is "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws that inference. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004). Thus, a prisoner "'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly,* 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

In *Phillips v. Jasper Co. Jail*, 437 F.3d 791, 796 (8th Cir. 2006), the Eighth Circuit recently addressed the question whether a failure to properly administer anti-seizure medication to a prisoner with a known seizure disorder can be an Eighth Amendment violation. Noting that the record established conclusively only that the prisoner had seen a doctor and had been prescribed the anti-seizure medication and that there was a disputed question whether he had suffered a seizure, the court found that the prisoner's statements that the medication had not been properly administered created a genuine question of whether the jail employees were deliberately indifferent to his serious medical needs. *Id.* "[T]he knowing failure to administer prescribed medicine can itself constitute deliberate indifference." *Id.* See also *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (holding that a question of material fact existed as to whether defendants were deliberately

indifferent to a serious medical need in a case in which defendants/prison officials failed to arrange for dental treatment for six weeks after the prisoner complained, thereby causing him to suffer further pain and infection); *Kinney v. Kalfus*, 25 F.3d 633, 634 (8th Cir. 1994) (holding that failure to provide dental treatment despite repeated requests from June 12 to July 1 created a genuine issue whether the defendant was deliberately indifferent to a serious medical need and the denial of a summary judgment in favor of prison officials). "'[W]hen [an] inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.'" *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)). In such case, an inmate's suit must fail if he does not present any "verifying medical evidence ... that defendants ignored an acute or escalating situation or that delays adversely affected his prognosis." *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995). See also *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (finding that inmate's failure to provide verifying medical evidence in the record "to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs"); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir.1990) (same).

Plaintiff has not presented evidence of any detrimental effect regarding his

medical treatment. Plaintiff claims, however, that defendants have refused to provide him with medical records and have refused to submit to deposition. As such, the record is not sufficiently developed for the Court to ascertain whether plaintiff's claims can withstand the aforestated criteria. Plaintiff has not sought to compel defendants to adhere to the discovery rules, but the Court is mindful that he is not an attorney and is proceeding *pro se*. Because of plaintiff's *pro se* status, the Court believes that he should be given the opportunity to further develop the record through an extension of discovery.

## **Conclusion**

Based upon the foregoing, the motion for summary judgment is premature. Discovery will be extended for an additional sixty (60) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Summary Judgment, [Doc. No. 43], is denied as premature and without prejudice to refiling.

**IT IS FURTHER ORDERED** that discovery may be conducted for an additional sixty (60) days from the date of this Order.

Dated this 29th day of September, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE