UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE BROWN JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05CV88 HEA |
| ) | |
| DEREK WHEATLEY, BRAD ) | |
| WILSON, and JAMES BONNER, ) | |
| ) | |
| Defendants. ) | |

### **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' second Motion for Summary Judgment, [Doc. No. 50]. Plaintiff opposes the Motion and the parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion is granted.

### **Introduction**

Plaintiff was formerly incarcerated at the Scott County Jail from March 11, 2005 through June 22, 2005. Plaintiff filed this Section 1983 *pro se* Complaint alleging that Defendants were deliberately indifferent to his serious medical needs in that they delayed taking him to see a physician and failed to respond to his complaints that the physician prescribed medication made him sick.

Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that Plaintiff cannot recover against any of the Defendants.

**Facts and Background**

As previously noted, Plaintiff was incarcerated at the Scott County Jail from March 10, 2005 through June 22, 2005. Defendant Bonner is the Jail Administrator for the Scott County Jail. Defendants Wheatley and Wilson are former employees of the Scott County Jail.

Plaintiff filed a Medical Service Report, ("MSR"), on March 14, 2005 indicating that he had a tooth abscess and needed Tylenol for back pain and antacid tablets. Plaintiff also claims he was "spitting up blood" at that time, but he did not write anything on the MSR about this. Plaintiff did not receive any medication from April 1, 2005 through May 16, 2005. On May 16, 2005, Plaintiff was taken to Dr. Critchlow. Dr. Critchlow prescribed Zantac for Plaintiff's stomach, Tylenol for back pain and Benadryl for sinus problems. Ibuprofen was substituted for the Tylenol since Scott County does not have Tylenol. Plaintiff had an adverse reaction to the Benadryl and was subsequently given allertabs. The generic version of Zantac, Ranitidine, was given to Plaintiff. From May 16, 2005 through June 13, 2005, Plaintiff was given allertabs. Plaintiff claimed that the Ranitidine made him

sick and would often refuse it when offered.

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in that they failed to respond to his requests for medical attention; failed to provide Tylenol and substituted ibuprofen, which the doctor specifically stated Plaintiff should not take because of his stomach condition; and provided him with Ranitidine which made him sick. Plaintiff further argues in his Response to the Motion for Summary Judgment that Defendants' failure to take him to the dentist for his "erupted" tooth resulted in the dentist's inability to remove all of the tooth.

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir.

1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## **Discussion**

To establish that Defendants' conduct violated the Eighth Amendment's

prohibition against cruel and unusual punishment, Plaintiff must demonstrate that the individual defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Meloy v. Bachmeier,* 302 F.3d. 845, 848 (8th cir.2002); *Robinson v. Hager,* 292 F.3d. 560, 563-64 (8th Cir.2002); *Jolly v. Knudsen,* 205 F.3d. 1094, 1096 (8th Cir.2000); *Logan v. Clark,* 119 F.3d. 647, 649 (8th Cir.1997). An inmate must establish both the objective and subjective components of a § 1983 inadequate medical treatment claim; i.e., must show both that the inmate had an objectively serious medical need and that the defendants actually knew of and deliberately disregarded that need. *Meloy,* at 848; *Robinson,* at 564; *Jolly,* at 1096; *Coleman v. Rahija,* 114 F.3d. 778, 784 (8th Cir.1997); *see also, Farmer v. Brennan,* 511 U.S. 825 (1994); *Wilson v. Seiter,* 501 U.S. 294 (1991); *Estelle,* 429 U.S. at 105. Deliberate indifference may be manifested by prison officials intentionally denying or delaying access to medical care, or interfering with an inmate's proscribed medical treatment. *Meloy,* at 849 *citing Estelle,* 429 U.S. at 104-05; *Roberson v. Bradshaw,* 198 F.3d. 645, 647 (8th Cir.1999).

A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Coleman,* at 784 *quoting*

*Camberos v. Branstad,* 73 F.3d. 174, 176 (8thCir.1995). When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, "the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." *Keeper v. King,* at 1314-15; *Coleman,* at 784; *Crowley v. Hedgepeth,* 109 F.3d. 500, 502 (8th Cir.1997). Furthermore, to impose liability, the inmate must demonstrate that the delay was prompted by "obduracy and wantonness, not inadvertence or error in good faith." *Ruark v. Drury,* 21 F.3d. 213, 216 (8th Cir.1994) *quoting Whitley v. Albers,* 475 U.S. 312, 319 (1986). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Beyerbach v. Sears,* 49 F.3d. 1324, 1326 (8th Cir.1995). A failure by an inmate to place such supporting medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment "precludes a claim of deliberate indifference to medical needs." *Coleman,* at 784 *citing Crowley,* at 502.

Plaintiff therefore must establish that he suffered from an objectively serious medical need. A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or if it is so obvious that even a lay person would recognize the necessity for a physician's treatment. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th

Cir.1997); *see also Roberson v. Bradshaw,* 198 F.3d 645, 648 (8th Cir.1999). Although Defendants argue that Plaintiff has failed to establish that he suffered from a "serious medical condition" the record establishes that Dr. Critchlow indeed prescribed medication for Plaintiff's stomach condition and ordered specific over the counter medications to be administered to Plaintiff for his pain and sinus conditions. Dr. Critchlow's assessment of Plaintiff's problems would indicate that, for the Court's summary judgment analysis, Plaintiff can satisfy the objective prong of the applicable standard.

Plaintiff must further establish, however, that Defendants' actions were deliberately indifferent to his serious conditions. *Coleman,* 114 F.3d at 785-86. When an inmate complains about a delay in treatment, as Plaintiff herein is, the objective "seriousness" of the deprivation must be measured by reference to the *effect* of any delay. *Coleman,* 114 F.3d at 784 (citing *Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir.1997)). To succeed on his claim, Plaintiff must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment, *i.e.*, that Defendants ignored a critical or escalating situation, or that the delay adversely affected his prognosis. *Id.; Beyerbach v.. Sears,* 49 F.3d 1324, 1326-27 (8th Cir.1995). See also *Senty-Haugen v. Goodno,* 462 F.3d 876, (8th Cir. 2006) (affirming summary judgment against prisoner who alleged that

prison officials delayed treatment of his heart condition, broken leg, and inflamed cyst, where prisoner failed to present evidence that alleged delays in treatment worsened his condition, or expert evidence that the treatment he received was inadequate).

In response to Defendants' motion for summary judgment, Plaintiff has not submitted any medical evidence in support of his claims. Although Plaintiff speculates that Defendants actions, *vis a vis* the administration of medications and the failure to allow him to see a dentist, escalated his problems, there is absolutely no verifiable medical evidence in the record to establish same. Based on the record before the Court, Plaintiff has failed to establish that the actions and/or inactions of Defendants caused a detrimental effect on his conditions. Plaintiff's reliance on *Phillips v. Jasper Co. Jail*, 437 F.3d 791 (8th Cir. 2006) is unavailing. While recognizing that the failure to provide prescriptions could rise to the level of deliberate indifference, the *Phillips* Court recognized that an issue of fact existed as to whether this failure had an adverse effect on Plaintiff, based on verifiable medical evidence in the record. In this case, the record is completely devoid of any medical evidence which would tend to establish that any actions or inactions taken by Defendants had any detrimental effect on Plaintiff's medical conditions.

**Conclusion**

Based upon the foregoing, plaintiff has failed to present any genuine issues as to any material fact to establish that Defendants violated his constitutional rights. They are, therefore, are entitled to judgement as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 50] is granted.

A separate judgment in accordance herewith is entered this same date.

Dated this 15th day of March, 2007.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE